## Appeal of POINSETT MILLS.      Docket 83.

A contribution made by a corporation to a church maintained in its mill village, producing direct benefit to the corporation, is an allowable deduction under section 234(a) of the Revenue Act of 1918.

Submitted September 26, 1924; decided October 2, 1924.

*James C. Peacock, Esq.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal was heard upon oral testimony presented on behalf of the taxpayer and the Board makes the following

### FINDINGS OF FACT.

(1) The taxpayer, Poinsett Mills, is a corporation organized under the laws of the State of South Carolina, with its principal place of business at Greenville, S. C.

(2) The corporation owns and operates a cotton mill on the outskirts, but within the city limits, of Greenville and there maintains a mill village wherein it furnishes housing and other facilities for its employees. The mill village is situated adjacent to the cotton mills operated by the corporation. All of the buildings within the village are owned by the company. The company maintains and contributes toward certain welfare work for the benefit of its employees and also for the resultant benefit to the corporation.

(3) In 1920 the corporation made a contribution in the amount of $1,006.49 to a Baptist church. The church was within the boundaries of the mill village, and the property had been conveyed by the corporation to the church with a provision for reversion in the event that its use for church purposes ceased. The deed of conveyance carried with it title to the building, as well as title to the land itself, for the sole purposes of a church, as reserved in the deed. The premises were used jointly by Baptists and Methodists, and the congregations consisted, in the largest proportion, of inhabitants of the mill village and employees of the company, although nonemployees of the company were not excluded, and there was an attendance of about 10 per cent of nonemployees of the corporation. The church conducted a Sunday school, with an attendance of about 150 children, most of whom were children of the company's employees.

The contribution of the corporation was used for the purpose of repairing and enlarging the church structure in order to meet the growing needs of the congregation, and, as testified to by the president and general manager of the corporation, such contribution was made wholly and solely because the maintenance of the church in a satisfactory condition was of distinct and direct value to the corporation in making the employees more contented to remain with the corporation and thus enabled the company to better maintain a more constant and fixed supply of labor for the operation of its mills.

### DECISION.

The taxpayer is entitled to deduct from its gross income for the year 1920 the $1,006.49 in question. The deficiency in tax found by the Commissioner, arising from the disallowance of this item, should not be assessed.

### OPINION.

GRAUPNER: It is the contention of the Commissioner that a corporation may be allowed a deduction under section 234(a)(1) of the Revenue Act of 1918 only when the amount claimed is an "ordinary and necessary" expense in "carrying on" its business. Insistence is made for a very limited interpretation of the phrase "ordinary and necessary" and of the words composing the phrase.

The testimony adduced showed that the mill village of the Poinsett Mills was located on property owned by the corporation and was inhabited solely by employees of the company and their dependents.

The church to which the contribution was made was conveyed by the company to the trustees of a Baptist congregation composed of about 90 per cent employees of the corporation and their dependents, but was also used by a Methodist congregation composed mainly of company workmen and their dependents. The property was to revert to the company when its use for church purposes ceased. The employees of the company were, in the majority, religiously inclined. They segregated themselves from the general population of Greenville, by choice, as to social, school, and church activities. The churches in Greenville were remote from the village. The president and general manager of the corporation testified that experience had demonstrated to the company that it must make available a place of worship for their employees in order to keep them contented and prevent a large labor turnover. That since 1920, the year in which the taxes here at issue became due, the corporation found it necessary to build a larger, more convenient and general church in order to meet the religious requirements of its employees, is corroborative of the fact that the contribution of 1920 was a donation " for purposes connected with the operation of its business."

The company paid the salary of a welfare worker, who operated through and in the name of the church among the employees of the company. The testimony showed that the officers of the corporation believed that better results were had from this welfare worker operating in the name of the church than in the name of the corporation. In addition to the two mentioned activities to which the company contributed, it also contributed to the maintenance of the village school and erected and supported a community assembly hall.

While no contribution, excepting that to the church in 1920, is at issue in the present case, the foregoing facts show that the Poinsett Mills had a consistent policy of welfare work among its employees which, as the president of the corporation testified, was necessary to produce an attitude of contentment toward the company among its employees, to equalize the lesser wage scale established in the section in which the company operated with a somewhat higher scale paid in other sections, and to reduce the volume of labor turnover.

Such being the purpose of the contribution, we can not but feel that the intent of the company in making the contribution here at issue was one " for purposes connected with the operation of its business."

In these days of the larger development of the sphere of activity of churches no hard line of distinction may be drawn between charitable and religious uses in considering a contribution to a church.

The general acceptance of welfare work among employees, on the part of manufacturing, mining, and lumbering concerns, as a means of reducing labor turnover and eliminating industrial strife, is something of which this Board must take judicial notice. We believe that the Federal Government should be the last to fail to recognize the elements and value of welfare and social work among industrial organizations and that it should do everything to encourage the betterment and contentment of those who labor in industrial communities, such as the mill village of the taxpayer.

It is our opinion that a contribution made under the conditions presented by the testimony in this particular case is one which may well be considered an " ordinary and necessary " expense of the par-

ticular business of the taxpayer. The contribution was clearly made by the corporation for purposes connected with the operation of its business and legitimately represents a consideration for a benefit flowing directly to the corporation as an incident to its business.