YAMHILL ELECTRIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29270. Promulgated October 10, 1930.

*Clarence Butt, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

## OPINION.

ARUNDELL: Whether an item such as the one here is deductible as an ordinary and necessary expense of carrying on a trade or business depends largely upon the facts of each individual case. The facts here are not in controversy.

The governing rule has been expressed in various ways. In *Poinsett Mills*, 1 B. T. A. 6, we said that the donation must represent " a consideration for a benefit flowing directly to the corporation as an incident to its business." In *Thomas Shoe Co.*, 1 B. T. A. 124, it was said that the contributions, to be deductible as a business expense, " must have in a direct sense some reasonable relation to the taxpayer's business." In a recent Board case, *Killian Co.*, 20 B. T. A. 80, we said the deduction must fail unless the evidence shows in fact that the contribution is " reasonably motivated by or related to the proper conduct of the business." The latest court decision involving a question of this character says " The question always is whether, balancing the outlay against the benefits to be reasonably expected, the business interests of the taxpayer will be advanced." *American Rolling Mills Co.* v. *Commissioner*, 41 Fed. (2d) 314, reversing, in part, 14 B. T. A. 529.

Judging the issue in the light of these statements of the determining factor, we are convinced that the petitioner should prevail. The contribution, minor in amount when compared with the results accomplished, had for its purpose the continuation of the college as an institution sufficiently endowed to attract students to the city and financially able to purchase the petitioner's product. Inability of the college to raise the required fund would have made it necessary for the school to discontinue its operations, with a consequent loss of revenue by the petitioner. The raising of the fund enabled the college to remain in business and continue its business relations with the petitioner, an asset shown by agreement of the parties to be valuable.

*Decision will be entered for the petitioner.*