ALFRED A. NAHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23145.   Promulgated October 29, 1930.

*A. C. Frodel, Esq.*, and *Dean H. Stanley, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

SMITH: The principal question presented by this proceeding is the net income of the partnership of American Co. for International Commerce for the years 1922 and 1923. The returns filed by the partnership show the net profits to be $17,119.68 and $6,672.59, one-half of which belonged to petitioner and one-half to his partner, one Modiano. The respondent audited these returns in 1926 and, inasmuch as he was not able to find the books of account of the partnership from which the accuracy of the returns could be determined, he assumed that the partnership made a net profit of at least 2 per cent upon its sales and computed the deficiencies accordingly. He represents to this Board that his determinations are prima facie correct and that inasmuch as there are no books of account available to the petitioner to combat the correctness of the deficiency determined, there is no evidence before the Board which shows that his determinations are incorrect.

Although there is presumption that the deficiencies found by the respondent are correct, this is not a conclusive presumption. In rebuttal of that presumption the petitioner comes before the Board and details the facts relating to the manner in which the books of account of the partnership were kept and states the circumstances under which the books of account were lost or abandoned.

Although the abandonment or destruction of the books of a tax-payer would in many cases raise a suspicion that they were destroyed merely for the purpose of making it impossible to audit them, we are convinced from a consideration of the entire record made in this proceeding that there was no ulterior motive on the part of the petitioner in not retaining the books of account of the partnership. The petitioner testified that the partnership business was almost entirely a cash business and that upon the liquidation of the partnership there were no accounts to be collected. All of the debts of the partnership were promptly paid in full and the assets divided among the two partners. The petitioner saw no need for retaining the books of account of the partnership and did not have storage space for them. They were therefore not taken by the petitioner from the old offices occupied by the partnership.

We are satisfied from the testimony of witnesses that the books of account were carefully kept and that the returns filed reflected the operations of the partnership. Consequently, we are of the opinion

that the position taken by the respondent throughout the course of this proceeding can not be maintained. The basis of his action apparently has been suspicion, not conviction. It is noted that the respondent accepted the figures reported on the partnership returns as reflecting sales, but at the same time refused to admit the accuracy of any of the other figures contained therein. It would appear that the logic of the situation would necessitate a refusal to accept figures representing sales as well as his refusal to accept the others. Furthermore, it is noted that the partnership return for the year 1923 reflects a loss from dealings in foreign exchange and foreign bonds amounting to $21,933.41. Complete details of the transactions are set forth in the schedule of transactions attached to the return, but we have had no intimation from the respondent that such transactions were investigated.

In view of what has been said, we are of the opinion that the petitioner has overcome the prima facie correctness of the determinations made by the respondent, with the exception of an item of $635 for charity claimed as a deduction on the partnership return for 1922, and an item of $17.50, a donation, claimed as a deduction on the partnership return for 1923. No proof was offered as to these items and in the absence thereof they can not be allowed as deductions. Otherwise, we think that the partnership returns for 1922 and 1923 reflected the net profits of the business taxable to the partners.

In the petitioner's income-tax return for 1922 he claimed a deduction from gross income of an alleged loss of $2,202.75, which represented the difference between the price paid for foreign exchange in 1922 and the price at which sold in November, 1922. The return shows that the loss sustained was $1,169. This amount was a legal deduction from the gross income of 1922, and the deficiency determined for that year should be recomputed accordingly.

*Judgment will be entered under Rule 50.*