THE CAPITAL TRACTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

*Docket No. 60431. Promulgated March 15, 1933.*

*George E. Hamilton, Esq.*, and *John F. McCarron, Esq.*, for the petitioner.
*Carl R. Perkins, Esq.*, for the respondent.

OPINION.

GOODRICH: The Revenue Act of 1928 contains no provision specifically allowing as a deduction in computing net income amounts

contributed by corporations to charitable, educational and related social welfare agencies. Such corporate contributions, to be deductible from gross income, must fall within the provisions of section 23 (a), 1928 Act, and article 262 of Regulations 74, as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." They must be an expense directly connected with or proximately resulting from the business; must bear a reasonable relation to the business within its ordinary scope, and be reasonably incidental to its proper operation. These requirements are so well established by the numerous decisions treating of this problem by this Board and the courts that discussion thereof seems unnecessary. *Poinsett Mills*, 1 B. T. A. 6; *Thomas Shoe Co.*, 1 B. T. A. 124; *Killian Co.*, 20 B. T. A. 80; *Yamhill Electric Co.*, 20 B. T. A. 1232; *Lenore Ulric*, 27 B. T. A. 666; *American Rolling Mills Co.* v. *Commissioner*, 41 Fed. (2d) 314 (reversing 14 B. T. A. 529); *Niles Bement Pond Co.*, 67 Ct. Cls. 693; affd., 281 U. S. 357. See also article 262, Regulations 74, and I. R. B. XI–44–5819, I. T. 2653.

The record before us is regrettably inadequate for it contains no facts respecting the business of petitioner. We are not told whether petitioner was an operating or a holding company, nor the business in which engaged, if it was so engaged. We are not told what medical, financial or social care petitioner was required or undertook in the operation of its business to give its employees, nor the amount it expended for those ends.

The sole witness testified that the company's employees had the right to go to the various hospitals listed by the Community Chest and receive treatment. Whether they had a legal right to demand medical care, based upon some contract or special arrangement made in their behalf by the company with the Community Chest, or whether they had only the same privilege of requesting aid possessed by all other citizens of the community, does not appear. He testified also that, generally, the result of the care given by visiting nurses was that the employees recovered from illness more quickly than they would have without it and, consequently, lost less time from work. His conclusion was entirely unsupported, nor was it shown what effect, if any, the return of an ill employee to his duties, might have upon the company's operations. Such testimony alone reveals but little of the cause or necessity for the contribution made by petitioner and, obviously, without some knowledge of the business and affairs of this corporation it is impossible for us to adjudge whether the contribution it made was so related and connected to its business as to be an ordinary and necessary expense of operation.

Perhaps it was assumed, because trial of this case was held in Washington, D. C., where petitioner's principal office is located and

where the offices of this Board are maintained, that we should take notice of these matters concerning itself and its business which petitioner has failed to prove. If such an assumption was made, it was ill-founded. In the determination of proceedings before us we are bound strictly to the evidence of record, save as to such matters as may be properly a subject of judicial notice. The statement of this fundamental rule needs no elaboration and, clearly, however inclined we might be to reach voluntarily beyond the record for extraneous facts necessary to a consideration of the character of a donation probably prompted in part by laudable motives of community interest, we are not permitted so to do. And we are so restricted no matter where the residence of the taxpayer; consequently, extraneous facts are no more available to us because petitioner is located in Washington than if it were located in Abanda, Alabama, or Zenith, Wyoming, or elsewhere.

Since the facts concerning petitioner's business, necessary to proof under the issue, are not contained in the record and are not matters of which we properly may take judicial notice, we are forestalled from any consideration of the deductibility of the contribution made by petitioner and, perforce, must sustain respondent's determination.

We do not decide whether contributions made by corporations to the Community Chest of Washington, D. C., are or are not deductible from income as ordinary and necessary expenses of business. We say only that in the case at bar petitioner has failed to produce facts respecting itself, its business, and the relation thereto of its contribution from which we can determine whether the donation may be so classified.

*Judgment will be entered for the respondent.*