ADAM, MELDRUM AND ANDERSON COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADAM, MELDRUM AND ANDERSON STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. M. & A. CLEANING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 59077, 59078, 59079. Promulgated November 24, 1933.

*John W. Sanborn, C.P.A.*, for the petitioners.
*James K. Polk, Jr., Esq.*, for the respondent.

OPINION.

ADAMS: The first issue presented for our decision is whether petitioner, a corporation, may deduct from its gross income, for the purpose of determining its net income subject to tax, contributions made to certain charitable organizations.

The petitioner urges that the contributions made by it to various charitable organizations were advertising expenses and are, therefore, to be treated as ordinary and necessary expenses incurred in carrying on its business during the taxable year.

The relevant sections of the statute are set out in the margin.[1]

Section 23 provides that certain deductions shall be allowed in computing net income, most of which are common to both corporations and individuals, but charitable and certain other contributions are allowed only to individuals. The prior revenue acts are substantially the same in this respect as the Act of 1928. Corporations

---

[1] Revenue Act of 1928:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

\* \* \* \* \* \* \*

(n) *Charitable and other contributions.*—In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

\* \* \* \* \* \* \*

(2) any corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

\* \* \* \* \* \* \*

SEC. 142. CONSOLIDATED RETURNS OF CORPORATIONS—TAXABLE YEAR 1928.

\* \* \* \* \* \* \*

(b) *Computation and payment of tax.*—In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. There shall be allowed in computing the income tax only one specific credit computed as provided in section 26 (b).

(c) *Definition of affiliation.*—For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, o\ (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subsection the term " stock " does not include nonvoting stock which is limited and preferred as to dividends.

have never been allowed, as in the case of individuals, to deduct contributions or gifts made to organizations operated exclusively for charitable purposes. This has not been the result of any failure of Congress to consider such deductions in respect to corporations. It is the result of deliberate Congressional action.

The legislative history of these provisions is conclusive as to the intent of Congress. When the Revenue Bill of 1918 was being considered by the House, an amendment was offered providing that corporations be allowed the same deductions as individuals with respect to charitable contributions. After a debate on the floor of the House this amendment was defeated.[2] In the debate it was urged, among other reasons, that it would be dangerous to encourage directors to be generous with the money of their stockholders even for such laudable purposes. When the Revenue Bill of 1921 was under consideration the House Bill extended to corporations the provisions of the existing law allowing individuals to deduct contributions made for charitable purposes, but limiting the amount of such deductions to 5 percent of the net income. The Senate struck out the provision and the House receded.[3] None of the subsequent revenue acts allow the deduction.

In all of the revenue acts, both corporations and individuals have been allowed to deduct the " ordinary and necessary expenses " paid or incurred during the taxable year in carrying on any trade or business. In *Consolidated Gas, Electric Light & Power Co.* v. *United States*, 65 Ct. Cls. 252, the Court of Claims points out that the words " ordinary and necessary expenses " in the Act of 1916 could not have been intended to be given the wide meaning now urged, but related to expenses paid in the maintenance and operation of the business. When the Act of 1916 was amended deductions for charitable contributions were allowed individuals, but were not extended to corporations. The subsequent revenue acts have never confused charitable contributions with the ordinary and necessary expenses of the business and have very guardedly limited the latter to expenses paid or incurred in carrying on the business.

In the *Consolidated Gas, Electric Light & Power Co.* case, *supra*, the court said:

Finding the words we are called upon to construe in a taxing act, we must recognize the " literal meaning " of the words employed is most important because such statutes are not to be extended by implication beyond the clear import of the language used. Doubts are to be resolved in favor of the taxpayer. See *Gould* v. *Gould*, 245 U. S. 151, 153; *United States* v. *Merriam*, 263 U. S. 179, 188. In the latter case is cited with approval the rule stated by

---

[2] See Congressional Record, House, Sept. 17, 1918, vol. 56, pp. 10419–10421.

[3] Con. Rept. 486, 67th Cong., 1st sess., p. 36.

Lord Cairns in *Partington* v. *Attorney General*, L.R. 4 H.L. 100, 122, in the course of which it is said:

"In other words, if there be admissible in any statute what is called an equitable construction certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute."

In *Holt Plaid Mills, Inc.*, 9 B.T.A. 1360, the Board said: "The deduction of contributions by a corporation is not expressly authorized by statute, and is allowed only upon a clear showing of direct benefit to the corporation so as to clearly come within the term 'ordinary and necessary business expenses.'" See also *Thomas Shoe Co.*, 1 B.T.A. 124; *Poinsett Mills*, 1 B.T.A. 6. Where the benefit has appeared direct we have allowed the deduction, cf. *Sugarland Industries*, 15 B.T.A. 1265; *Evening Star Newspaper Co.*, 28 B.T.A. 762, and where it was remote we have disallowed it, cf. *Elm City Cotton Mills*, 5 B.T.A. 309, but in every case the burden rests with the taxpayer to prove the business character of the item. Cf. *Killian Co.*, 20 B.T.A. 80; *Alfred A. Nahman*, 21 B.T.A. 121.

We can not speculate on what direct benefit flowed to petitioner from its contributions to the charitable organizations here enumerated. Apparently, it was motivated by the business received from the organizations as well as its own charitable inclinations. But petitioner has not shown a direct benefit flowing to it from its contributions. There is no claim that petitioner is the only department store in Buffalo that contributes, nor that such organizations trade exclusively with petitioner, and there is no showing that the contributions influenced either the organizations or their employees to trade with it. The evidence does not convince us that the business received was given as a return for petitioner's donations or that such donations were necessary to retain it. The amounts contributed to the various organizations bear no definite relation to the amount of business received from them. Moreover, petitioner has given us no method by which we can determine what portion of the amount was due to its charitable inclinations and what portion was due to business received from the organizations. These contributions were undoubtedly a benefit to the community of which petitioner was a member. They were commendable, and may have had some effect in building up a general good will. Moreover, such contributions by business organizations are expected by the community and perhaps a refusal to support local charities would have some effect upon petitioner's business. But we must assume that all these things were known to Congress at the time the revenue laws were enacted. Deductions must be supported by some legislative authority, and where Congress has made no provision for a deduction we can not supply that authority.

It is our opinion that contributions of this character do not fall within the classification of "ordinary and necessary expenses" as that phrase is used in the revenue laws, unless it is clearly shown that the expenses bear some direct relation to petitioner's business. They rather fall within the charities enumerated in section 23 (n) of the Revenue Act of 1928. Congress has provided that such expenditures are, within certain limitations, deductible by individual taxpayers, but not by corporations. Such contributions if made public may have some advertising value, but they can hardly be classed as "ordinary and necessary" expenses of advertising. The respondent is sustained as to this issue.

The petitioner alleges it was affiliated with P. Centemeri & Co. during the taxable year 1928. In support of its allegation it has produced evidence to the effect that during 1928 and for many years prior thereto the certificates of stock of P. Centemeri & Co. were in the possession of petitioner's treasurer, and that petitioner voted all but the qualifying shares at the stockholders' meeting in February 1928. While these facts are evidentiary, they do not prove ownership in the petitioner. The stock was voted by the holders of record at the annual stockholders' meeting in 1927, and at all meetings prior to that date and the treasurer of petitioner testified that no changes took place between March 1927 and February 1928. Petitioner has not shown how or when it acquired the stock, nor has it shown any fact conclusive of ownership. In this situation the determination of the respondent is sustained as to this issue. Having decided petitioner was not affiliated with P. Centemeri & Co. during the taxable year, it becomes unnecessary to consider the affirmative issues raised by the respondent.

Reviewed by the Board.

*Decision will be entered for the respondent.*

STERNHAGEN and TRAMMELL concur in the result.

---

SMITH, dissenting: The applicable taxing statute permits a corporation to deduct from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The petitioner, operating a department store in Buffalo, New York, made certain payments in 1928 to certain charitable institutions which it charged on its books of account as advertising expenses and deducted from gross income in its tax return as ordinary and necessary expenses. The evidence shows that the payees were customers of the petitioner and that the pay-

ments were recurrent. Weldon D. Smith, vice president and treasurer of the petitioner, testified that in arriving at the amounts paid—

We look over the amount of business that we get from those organizations here and the amount of business that we get from the officers of those organizations, and we more or less add to that our own charitable feelings, and decide on a certain amount.

On cross-examination he was asked:

Now, with reference to these charitable contributions, you stated that they were made in part from the charitable feelings of your organization. Do they bear any direct relation to the amount of business done?

A. Yes, I think they do; that has been said.

The respondent in article 562 of Regulations 69 has provided:

\* \* \* Donations which legitimately represent a consideration for a benefit flowing directly to the corporation as an incident of its business are allowable deductions from gross income. \* \* \*

Article 121 of Regulations 74, applicable to the taxable year under review, provides in part: "A taxpayer is entitled to deduct the necessary expenses paid in carrying on his business from his gross income from whatever source."

The question as to whether contributions of the character of those herein involved are deductible from gross income has been before this Board in many different cases. See cases cited in *Corning Glass Works* v. *Lucas*, 37 Fed. (2d) 798. We have allowed as deductions from gross income similar payments in *First National Bank of Omaha*, 17 B.T.A. 1358; *Hirsch-Weis Mfg. Co.*, 14 B.T.A. 796; *Merchants Transfer & Storage Co.*, 17 B.T.A. 290; *First National Bank in St. Louis*, 23 B.T.A. 1125; *Old Mission Portland Cement Co.*, 25 B.T.A. 305; *Evening Star Newspaper Co.*, 28 B.T.A. 762.

In *Kornhauser* v. *United States*, 276 U.S. 145, the question before the Supreme Court was whether attorneys' fees for defending an action by a former partner for accounting of "business earnings" were deductible from gross income. The Court of Claims held that they were not business expenses but were personal living or family expenses and were therefore not a legal deduction from gross income. *Kornhauser* v. *United States*, 62 Ct. Cls. 647. This decision was reversed by the Supreme Court. In its opinion the Court stated:

In *Appeal of F. Meyer & Brother Co.*, 4 B.T.A. 481, the Board of Tax Appeals held that a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was deductible as a business expense.

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B.T.A. 214, 216) proximately resulted from, his business, the expense incurred

is a business expense within the meaning of section 214 (a), subd. 1, of the act. [Revenue Act of 1918.] These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * *

I am of the opinion that the same principle is applicable to the facts involved herein.

In *Corning Glass Works* v. *Lucas, supra*, the question before the court was whether a corporation was permitted to deduct from gross income $25,000 representing a contribution to the building fund of a hospital located in a town having a population of 15,000, paid in part to avoid enlarging its dispensary facilities at the factory. It was held that the amount was a legal deduction from gross income as a business expense. In the course of its opinion the court referred to a decision of an English court, *Hutton* v. *West Cork Ry. Co.*, 23 Ch. Div. 654, 671, and quoted therefrom as follows:

* * * Most businesses require liberal dealings. The test there again is not whether it is *bona fide*, but whether, as well as being *bona fide*, it is done within the ordinary scope of the company's business, and whether it is reasonably incidental to the carrying on of the company's business for the company's benefit. * * *

To the same effect is *American Rolling Mill Co.* v. *Commissioner*, 41 Fed. (2d) 314. In that case the plaintiff claimed the deduction from gross income of $360,000 which it had contributed to a civic fund raised in Middletown, Ohio. Numerous charitable organizations were the beneficiaries of this fund. The Board held that the amount was not a legal deduction from gross income of the year 1920, the year in which paid. The Circuit Court of Appeals for the Sixth Circuit reversed the Board and held that the amount was a legal deduction. It quoted with approval the decision of the Court of Appeals of the District of Columbia in *Corning Glass Works* v. *Lucas, supra*, to the effect that in that case the donation was " reasonably incidental to the carrying on of the company's business for the company's benefit " and was therefore a legal deduction. The court further stated: " The question always is whether balancing the outlay against the benefits to be reasonably expected, the business interest of the taxpayer will be advanced."

The income tax is imposed upon " gains, profits, and income." It falls upon the net income determined by deducting from the gross income certain items among which are the ordinary and necessary expenses. I can not believe that it was the intention of Congress to disallow the deduction of expenses of the nature of those involved herein. In no sense did they constitute gifts. It unquestionably would have been to the detriment of the petitioner's business to have failed to make the payments. Congress has not forbidden their deduction. Although the evidence in this case is not as full or satis-

factory as might be wished, I am of opinion that the amount was a legal deduction from gross income. I think it is wrong to assume that because Congress has not provided specifically that a corporation may deduct payments of this character from gross income it is therefore prohibited from deducting them from gross income. The whole current of judicial opinion is to the contrary.