ALFRED A. COOK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67174.   Promulgated April 3, 1934.

*Leo B. Kagan, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in petitioner's income tax for 1929 in the amount of $1,200. The only error alleged is the respondent's disallowance of a deduction from gross income of $5,000, representing a contribution which the petitioner made to the Association of the Bar of the City of New York. The issue was submitted on a written stipulation of facts which, for the purpose of our decision, may be summarized as follows:

The petitioner is, and was during 1929, a practicing attorney in New York City, admitted to practice before the courts of the State of New York and the Federal courts of that jurisdiction, and is the senior member of the law firm of Cook, Nathan & Lehman, whose offices are in New York City. The petitioner is, and was during 1929, a member of the New York State and American Bar Associations and the Association of the Bar of the City of New York. During 1929 he was a member of the executive committee of the last named association.

The Association of the Bar of the City of New York, hereinafter referred to as the association, was incorporated by special act of the state legislature in 1871. The incorporating act, as amended in 1924, states that the association was organized—

\* \* \* for the purposes of cultivating the science of jurisprudence, promoting reforms in the law, facilitating the administration of justice, elevating the standard of integrity, honor and courtesy in the legal profession, and cherishing the spirit of brotherhood among the members thereof.

The association has both active and associate members. All members pay annual dues, which vary according to the length of time during which the individual has been a member of the bar. The association is supported by income from different sources, including rents, income from trust funds, and dues. It maintains a library for the use of its members, and other facilities for legal research. It also maintains an auditorium, where lectures on legal topics are delivered by distinguished lawyers.

The real property owned by a bar association, used for the purposes of carrying on its activities, is exempt from the general property tax under the provisions of subdivision (7), section 4, of the Tax Law of the State of New York.

In January 1929 the United States District Court for the Southern District of New York directed the grand jury to conduct an investigation into matters pertaining to the administration of the bankruptcy laws. The grand jury submitted a report stating that there appeared to exist malpractices of a serious character and recommended a public hearing before the United States District Court.

At a meeting of the association on February 13, 1929, a resolution was passed authorizing the president of the association to name a special committee to aid in the investigation of the administration of the bankruptcy laws in cooperation with other associations of the bar. The committee was entitled " Special Committee in Relation to the Investigation of the Bankruptcy Law." By order of the court dated March 25, 1929, the bar associations were permitted to intervene in the investigation proceedings.

Subsequently, upon completion of the inquiry, counsel for the bar associations submitted an exhaustive report setting forth the abuses and malpractices in the administration of the bankruptcy law in the Southern District of New York and recommending certain corrective measures.

As a result of the investigation, disciplinary action was taken against certain attorneys practicing before the United States District Court for the Southern District of New York and certain reforms in the procedure were instituted.

No part of the income of the association nor of the special committee referred to above inured to the benefit of any private stockholder or individual, except in the matter of reasonable compensation for services performed. Chief counsel for the bar associations served without compensation.

The petitioner in 1929 contributed $5,000 to be used by the association in the manner above described. In his income tax return for that year he claimed the amount as a deduction from gross income. The respondent has disallowed the deduction.

The petitioner contends, first, that the item of $5,000 is deductible under section 23 (n) (2) of the Revenue Act of 1928 as a contribution to a " corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes." Obviously, the answer to this question depends upon whether the Association of the Bar of the City of New York is a corporation organized and operated exclusively for educational purposes.

The facts above stated with respect to the purpose for which the association was organized and the manner in which it operated are all of the evidence before us bearing upon these questions. This evidence does not prove that the association was either organized or operated exclusively for educational purposes. We do not know in what activities it actually engaged or to what extent it was social as distinguished from educational in its activities. See *Herbert E. Fales*, 9 B.T.A. 828. " Cherishing the spirit of brotherhood among the members" would seem to permit of a wide latitude in fields unrelated to religious, charitable, scientific, literary, or educational endeavors.

We cannot find, as petitioner urges, that the particular purpose for which the contribution in question was made to the association comes under any of the statutory classifications. The exposure of and correction of the maladministration of the bankruptcy laws was undoubtedly a highly commendable civic undertaking and served the public interest. But the statute does not authorize the deduction of all contributions for civic betterments, or public, as distinguished from private, purposes. The contribution, to be deductible, must be to a corporation organized and operated exclusively for the purposes stated.

For the reasons discussed we reject the petitioner's contention that regardless of whether the association was organized and operated exclusively for the purposes enumerated in the statute, the contribution is, nevertheless, deductible as being made to or for the use of a trust fund or foundation organized and operated for such purposes. Moreover, we do not believe that the special committee appointed by the association, or the plan for financing the committee, was a "trust", "fund", or "foundation" as those terms are employed in the statute.

Evidence is also lacking from which we can determine that the contribution was an ordinary and necessary expense of the petitioner's business.

It is stipulated that the petitioner was actively engaged in the practice of law in New York City and was a senior member of the law firm of Cook, Nathan & Lehman. We do not know what other business interests the petitioner had or what portion of his income resulted from partnership earnings. The computation attached to the deficiency notice shows that the petitioner had an ordinary net income in 1929 of $327,488.75 and a capital net gain of $294,225.20. The deficiency notice further states that "Income from the partnership Cook, Nathan & Lehman, has been increased to $6,073.51." There is no evidence whatever that the gift of $5,000 made to the association actually benefited or was expected to benefit either the business of the partnership or any private business in which the petitioner was interested. Even if the contribution were a deductible expense of the partnership, it would not be in its entirety a deductible expense in computing the petitioner's individual net income. In these circumstances the respondent's action in disallowing the deduction is sustained. See *S. C. Toof & Co.*, 21 B.T.A. 916; *Old Mission Portland Cement Co.*, 25 B.T.A. 305; *Capital Traction Co.*, 27 B.T.A. 926; *Michigan Central R.R. Co.*, 28 B.T.A. 437; *Adam, Meldrum & Anderson* Co., 29 B.T.A. 419. Cf. also *Weyl v. Commissioner*, 48 Fed. (2d) 811; *Colonial Trust Co., Executor*, 19 B.T.A. 174; *James J. Forstall*, 29 B.T.A. 428.

Reviewed by the Board.

*Judgment will be entered for the respondent.*