**RHODE ISLAND HOSPITAL TRUST COMPANY, Surviving Executor of the Estate of James C. Collins, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 2102.

United States District Court
D. Rhode Island.

Jan. 22, 1958.

Thomas R. Wickersham, of Tillinghast, Collins & Tanner, Providence, R. I., for plaintiff.

Rufus E. Stetson, Jr., Atty., U. S. Dept. of Justice, Washington, D. C., Joseph Mainelli, U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

Plaintiff in its capacity as the surviving executor of the estate of James C. Collins, who died testate on January 21, 1950, domiciled in Providence, Rhode Island, seeks to recover certain federal estate taxes and interest alleged to have been illegally assessed and collected from it as such executor. Plaintiff contends that the amount assessed and paid as federal estate taxes was excessive and illegal to the extent that the Commissioner of Internal Revenue erroneously refused (1) to credit said estate with the amount of succession taxes paid to the Dominion of Canada on property situated in Canada and (2) to allow as a deduction under sec. 812(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(d) the bequest of the sum of $5,000 made by the last will and testament of the decedent to the Rhode Island Bar Association. In addition, the plaintiff seeks a determination of the deductibility of the additional attorneys' fees and expenses incurred in the prosecution of the claim for the refund of the taxes sought in this section.

By stipulation the parties have agreed that the plaintiff is entitled to a credit for the amount of the succession taxes paid to the Dominion of Canada and to a deduction for said additional attorneys' fees and expenses. The sole issue, therefore, to be decided by me is whether the plaintiff is entitled to a deduction of said sum of $5,000 bequeathed to said Rhode Island Bar Association in computing the federal estate taxes properly payable on the estate of said James C. Collins.

The facts established during the trial are as follows: The testator, James C. Collins, died on January 21, 1950. During his lifetime he had been one of the outstanding members of the Bar of Rhode Island, and very active and keenly interested in the affairs of the Rhode Island Bar Association, serving at various times as a member of several of its committees and later as its president. His last will and testament which was duly admitted to probate contained, among others, the following clause:

"Ninth: Realizing the important position which the Bar of every State occupies in the enforcement of the law and the promotion of the welfare of the community in which its members live, and believing that this position depends upon the character and reputation of its members and the faithful performance of their obligations to uphold at all times the high standards of the profession, I give and bequeath the sum of Five Thousand ($5,000) Dollars to the Rhode Island Bar Association to be used and employed by it for the advancement and upholding of those standards of the profession which are assumed by the members upon their admission to the Bar, and for the prosecution and punishment of those members who violate their obligations to the court and to the public."

The objects of the Rhode Island Bar Association, an unincorporated organization, are set forth in Article II of its Constitution as follows:

"The Association is established to maintain the honor and dignity of the profession of the law, to increase its usefulness in promoting the due administration of justice, and to cultivate social intercourse among its members."

At the time of the decedent's death the Association had twenty-seven Standing

and Special Committees charged with the performance of certain duties in furtherance of the objects of the Association. One of these was the Committee on the Amendment of the Law. Its duties as set forth in Article VI of the By-Laws of said Association were as follows:

"1. A Committee on the Amendment of the Law, who shall be charged with the duty of observing all proposed changes in the Statute law of the State and of proposing such amendments and taking such actions with reference thereto as in their opinion should be recommended by this Association."

While there was testimony that the Association through this committee or its Executive Committee had on occasions publicly expressed the sentiments and opinion of the Association concerning proposed legislation, judicial appointments, and other matters of vital concern to the public, there was no evidence to indicate that a substantial part of the activities of the Association was carrying on propaganda, or otherwise attempting, to influence legislation.

Plaintiff contends that said bequest to the Association was a gift to its members in trust for the limited purposes stated in paragraph Ninth and as such was deductible under said sec. 812(d) as a gift for charitable purposes. On the other hand, the Government contends that it was not deductible under said section because the Association is not an organization devoted to purely religious, charitable, scientific, literary or educational purposes. In its brief it also argues that "the record in this case shows that the Bar Association is engaged, at least to some extent, in carrying on propaganda or otherwise attempting to influence legislation".

The pertinent provisions of the Internal Revenue Code of 1939 are the following:

"§ 812. Net estates

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*　　\*　　\*　　\*　　\*　　\*

"(d) \* \* \* Transfers for public, charitable, and religious uses The amount of all bequests \* \* \* to a trustee or trustees \* \* \* but only if such contributions or gifts are to be used by such trustee or trustees, \* \* \* exclusively for religious, charitable, scientific, literary, or educational purposes \* \* \*, and no substantial part of the activities of such trustee or trustees, \* \* \*, is carrying on propaganda, or otherwise attempting, to influence legislation. \* \* \* "

■ The first question to be decided by me is the nature of the interest created by paragraph Ninth—whether the bequest was in trust for limited purposes or was it an absolute gift to the Association. This determination must be made by resort to Rhode Island law. In Morgan v. Commissioner, 1940, 309 U.S. 78, at page 80, 60 S.Ct. 424, at page 426, 84 L.Ed. 585, the Supreme Court held:

"State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed. Our duty is to ascertain the meaning of the words used to specify the thing taxed. If it is found in a given case that an interest or right created by local law was the object intended to be taxed, the federal law must prevail no matter what name is given to the interest or right by state law."

And in Hassett v. Associated Hospital Service Corporation, 1 Cir., 1942, 125 F.2d 611, at page 616, the Court said:

"It is our function to determine the rights, duties and powers of the plaintiff under Massachusetts law and then to determine whether a corporation with such rights, duties

and powers is to be exempt from taxation under the federal statutes.
\* \* \* "

Under Rhode Island law no particular words are required to create an express trust, if such intention can be fairly found from the language used in the will. The rule is well stated in Wood v. Hartigan, 1937, 59 R.I. 333, at page 337, 195 A. 507, at page 509, in the following language:

"The next question to consider is whether such gifts are absolute or in trust. The answer to this question depends upon the intention of the testatrix, which is to be gathered from her language in the will creating these gifts. This intention is not to be sought in particular words and phrases, nor is it to be confined by mere technical considerations. It is well established that no particular words are required to create an express trust, if such intention can be fairly found from the language used in the will. The absence of the words 'trust' or 'trustee' in such a case is immaterial, as effect will be given to the obvious intent of the donor \* \* \* "

In my opinion the language used by the testator in paragraph Ninth manifests a clear intention by him to create an express trust of said bequest of $5,000. It was in my opinion obviously a gift to the members of the Association as trustees to be used and used only for the limited purposes specified in said paragraph. It was *not* an absolute gift to the Association to be used for its general activities or purposes.

The bequest being in trust, the next inquiry becomes—did it meet the requirements for deduction from the value of the gross estate of the decedent under said section 812(d) as a gift for charitable purposes? In United States v. Proprietors of Social Law Library, 1 Cir., 1939, 102 F.2d 481, at page 483, the Court said:

"Any gift not inconsistent with existing laws, which is promotive of science, or tends to the education, enlightenment, benefit, or amelioration of the condition of mankind, or the diffusion of useful knowledge, or is for public convenience, is a charity \* \* \* "

See also Ould v. Washington Hospital, etc., 1877, 95 U.S. 303, 24 L.Ed. 450, and Perin v. Carey, 1860, 24 How. 465, 16 L. Ed. 701.

In United States v. Proprietors of Social Law Library, supra, the Court in holding the Social Law Library to be an educational institution within sec. 101(6) of the Internal Revenue Act of 1934 and exempt from a capital stock tax, said 102 F.2d at page 484:

" \* \* \* More than that, the foundation of our government itself rests upon principles of law that are essential to its preservation and the benefits that flow from it. To this extent an opportunity for research and an examination of those principles on which the correct decision of each case rests, and to enable lawyers to advise clients as to their rights in order to safeguard their personal and property rights, and to maintain peace and friendly relations in their respective communities, and to furnish opportunity to study those principles on which our state and federal government rests by a class of men who have been trained to understand and interpret them, is of vital consequence to the public at large."

In my opinion the bequest under paragraph Ninth may fairly be said to be a gift in trust which tends to the benefit of mankind and is for the public convenience. The proper operation of our judicial system, the safeguarding of personal and property rights, and the maintenance of peaceful, friendly relations within this community will likewise be best served and advanced by members of the Bar who abide by the high ethical standards of their profession and by the punishment of those who fail to do so. The maintenance of these standards is of

as much vital consequence to the public welfare as is the maintenance of a law library. I find that said gift was a gift in trust for charitable purposes.

The cases cited by and relied upon by the Government, such as Better Business Bureau of Washington, D. C. v. United States, 1945, 326 U.S. 279, 66 S. Ct. 112, 90 L.Ed. 67, Alfred A. Cook, 1934, 30 B.T.A. 292, Colonial Trust Co., 1930, 19 B.T.A. 174, and George O. May, 1925, 1 B.T.A. 1220, are clearly distinguishable and not in point. They were all concerned with whether the donee of an absolute gift was a corporation organized and operated exclusively for scientific or educational purposes. Here the gift was not an absolute gift to the Association for its general purposes and without limitation as to its use; on the contrary, the gift was to the members of the Association, as trustees, to be used exclusively for charitable purposes. Since it was a gift in trust for such purposes, it is immaterial whether the Association is an organization organized and operated exclusively for religious, charitable, scientific, literary or educational purposes. Estate of Elizabeth L. Audenried, 1956, 26 T.C. 120. Cf. Dulles v. Johnson, D.C.N.Y.1957, 155 F. Supp. 275.

The record in this case fails to show that a substantial part of the activities of the Association was carrying on propaganda, or otherwise attempting, to influence legislation. In the absence of such a showing the bequest qualified for deduction under sec. 812(d). Huntington National Bank, 1949, 13 T.C. 760.

In conclusion, I find that said bequest of $5,000 qualified for deduction under sec. 812(d) in computing the net estate of the decedent for federal estate tax purposes and should have been allowed as a deduction.

In accordance with their stipulation the parties will prepare and submit to me within seven days from the date hereof a correct computation of the amount of taxes and interest which the plaintiff is entitled to recover, based upon the terms of said stipulation and my conclusion that said bequest of $5,000 was deductible under said section 812(d) in computing the net estate of said decedent and thereupon judgment shall be entered in favor of the plaintiff in said amount.